UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC VEARNON,<br><br>             Plaintiff,<br><br>    v.<br><br>HN LLC,<br><br>             Defendant. | Case No.   2:21-cv-255<br><br>**FILED ELECTRONICALLY** |

## COMPLAINT

COMES NOW, Plaintiff Eric Vearnon ("Plaintiff"), by and through his undersigned counsel, and brings this complaint against Defendant HN LLC ("Defendant"), and asserts as follows:

### INTRODUCTION

1. This is an action by Plaintiff against Defendant under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and its implementing regulations (the "ADA"), in connection with an accessibility barrier at a place of public accommodation owned and operated by Defendant, the facility housing a Wine and Spirits store at 2629 Brownsville Road, Pittsburgh, PA 15227 (the "Facility").

2. The ADA was passed by Congress and signed into law by President H.W. Bush nearly thirty years ago primarily because "individuals with disabilities continually encounter various forms of discrimination, including… the discriminatory effects of architectural, transportation, and communication barriers… [and the] failure to make modifications to existing facilities." 42 U.S.C. § 12101(a)(5).

3. The ADA has been the central civil rights law protecting people with disabilities, a group of Americans who are too often overlooked and undervalued. Like other civil rights laws, the purpose of the ADA is clear: the eradication of discrimination. As one legal scholar explained: "A single step in front of a store may not immediately call to mind images of Lester Maddox standing in the door of his restaurant to keep blacks out. But in a crucial respect they are the same, for a step can exclude a person who uses a wheelchair just as surely as a no-blacks-allowed rule can exclude a class of people." Samuel Bagenstos, *The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation*, 54 UCLA L. Rev. 1, 23 (2006).

4. Plaintiff Vearnon has a mobility disability, and, at all times relevant for purposes of this action, he has had a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

5. The Facility is located in Plaintiff's regular area of travel.

6. Because of the absence of an accessible parking space, plaintiff has experienced unnecessary difficulty and risk of bodily harm.

7. Accordingly, Plaintiff seeks declaratory and injunctive relief pursuant to Title III of the ADA, requiring Defendant to alter the Facility to make it accessible to individuals with disabilities.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

9. Plaintiff's claims asserted in this complaint arose in this judicial district, and Defendant does substantial business in this judicial district.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

11. Plaintiff Eric Vearnon is and, at all times relevant hereto, was a resident of Pittsburgh, Pennsylvania. As described above, as a result of his disability, Plaintiff is limited in his ability to walk. He has been issued a Persons with Disabilities Parking Placard. He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

12. Defendant HN LLC is a Limited Liability Company, and is headquartered at 19 Tiara Lane, Murrells Inlet, South Carolina, and is the current owner and/or operator of the Facility.

13. The Facility is public accommodation pursuant to 42 U.S.C. §12181(7).

## FACTUAL ALLEGATIONS

14. Plaintiff resides in Pittsburgh, Pennsylvania and travels to the Carrick area multiple times per week.

15. Plaintiff recently visited the Facility and discovered that although it provides parking spaces to its patrons, it did not provide an accessible parking space or access aisle.

16. The absence of an accessible parking space and access aisle at the Facility is an access barrier that denies Plaintiff's right to full and equal, non-discriminatory, and safe access to Defendant's facilities.

17. Plaintiff is and will be deterred from returning to and fully and safely accessing Defendant's Facility so long as the Facility remains non-compliant with the ADA's requirements for accessible parking spaces.

18. Plaintiff notified the tenants of the access barrier and its deterrent effect on Plaintiff, and requested the remediation of the barrier in person, on January 26, 2021.

19. Without injunctive relief, Plaintiff will continue to be unable to fully and safely access the Facility, in violation of his rights under the ADA.

## CAUSE OF ACTION: VIOLATION OF THE ADA

## THE ADA AND THE RIGHT OF ACCESS

20. Title III of the ADA requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

21. The ADA requires public accommodations to provide individuals with mobility disabilities full and equal enjoyment of the public accommodation's facilities. 42 U.S.C. § 12182(a).

22. The ADA specifically lists access to public accommodations as the first priority that public accommodations should address in ensuring access: "First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces." 28. C.F.R. § 36.304.

23. The ADA and its implementing regulations define prohibited discrimination to include the following: (1) the failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv); (2) the failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1); (3) for alterations to public accommodations made after January 26, 1992, the failure to make

alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and (4) the failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

24. The ADA requires public accommodations to design and construct facilities to be readily accessible to, and independently usable by, individuals with disabilities – in other words, a facility's access and usability must be "ready" for an individual with a disability. 42 U.S.C. § 12183(a)(1).

25. When a facility is altered in a manner that affects or could affect its usability, the facility must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

26. "Whether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines ('ADAAG'), which lay out the technical structural requirements of places of public accommodation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 779 F.3d 1001, 1006 (9th Cir. 2015).[1] The ADAAG, in relevant part, provides detailed guidance regarding slope requirements for parking spaces and paths of access. *See* 36 C.F.R. § pt. 1191, App. D (the 2010 Standards), §§ 403.3, 405.2-3, 502.4; 28 C.F.R. § pt. 36, App. D (the 1991 Standards), §§ 4.3.7, 4.6.3, 4.8.2, 4.8.6. These requirements are designed to make it possible for a person with a mobility disability to identify, and then utilize an accessible parking space and independently access a business.

---

[1] The ADAAG is promulgated by the Department of Justice pursuant to 42 U.S.C. § 12186(b). There are two active ADAAGs, the 1991 ADAAG Standards ("1991 Standards") and the 2010 ADAAG Standards ("2010 Standards"). The 1991 Standards appear in 28 C.F.R. § pt. 36, App. D, and are available at: https://www.ada.gov/1991standards/adastd94-archive.pdf. The 2010 Standards appear in 36 C.F.R. § pt. 1191, App. D, and are available at: https://www.ada.gov/regs2010/2010ADAStandards/2010ADAStandards_prt.pdf.

27. When discriminatory architectural conditions exist within a public accommodation's facility, the ADA directs that a "public accommodation ***shall*** remove architectural barriers in existing facilities . . . where such removal is readily achievable, *i.e.*, easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304(b) (emphasis added).

28. The failure to remove architectural barriers, where such removal is readily achievable, is discrimination under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Public accommodations also must "maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities[.]" 28 C.F.R. § 36.211(a). While isolated, temporary and reasonable disruptions in access are permitted, *see* 28 C.F.R. § 36.211(b), however, allowing inaccessibility to persist beyond a reasonable period of time, allowing accessible features to repeatedly fall out of compliance, or failing to arrange for prompt repair of inaccessible features violate the ADA. *See* 28 C.F.R. pt. 36 app. C § 36.211; Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 73 Fed. Reg. 34508, 34523 (June 17, 2008).

30. In addition to tangible barrier removal requirements as well as physical design, construction, and alteration requirements, the ADA further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

31. The ADA requires reasonable modifications in policies, practices, or procedures when necessary to afford goods, services, facilities, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

32. The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183. 42 U.S.C. 12188(a)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA and its implementing regulations described above, in that the Facility, as described above, is not fully accessible to, and independently usable by, individuals with mobility disabilities;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501(b) which directs Defendant to take all steps necessary to remove the architectural barrier described above and to bring the Facility into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Facility is fully accessible to, and independently usable by, individuals with mobility disabilities;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated:  February 22, 2021	Respectfully Submitted,


By: /s/ *R. Bruce Carlson*
R. Bruce Carlson
Nicholas Colella
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
Fax: 412-231-0246
bcarlson@carlsonlynch.com
ncolella@carlsonlynch.com


*Counsel for Plaintiff*